IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JOSEPH ANTHONY DANIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14 -cv-443-AKK-TMP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MAGISTRATE JUDGE'S ORDER
AND REPORT AND RECOMMENDATION**

On March 13, 2014, Joseph Anthony Daniel, hereinafter referred to as the plaintiff, filed a *pro se* alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged while he was an Immigration and Customs Enforcement (ICE) detainee at Etowah County Detention Center in Gadsden, Alabama. (*Id.* at 4).[1] On April 14, 2014, the plaintiff filed a "Motion to Submit[] Additional Evidentia[ry] Material in Support of, (sic) the Statement of Claim," which the undersigned shall construe as a motion to amend the complaint. (Doc. 5). The court GRANTS the motion to amend the complaint.

---

[1] On September 22, 2014, the plaintiff notified the court he had been transferred to LaSalle Detention Center, in Trout, Louisiana, where he continues to be detained. (Doc. 13).

1

The plaintiff names the United States of America as the sole defendant, and seeks monetary damages for the "emotional and psychological" injury he has "suffered through his excessive and lengthy detention." (Doc. 1 at 4; Doc. 5 at 4). He also demands "equitable, including injunctive relief." (Doc. 5 at 4). In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

## I. Standard of Review

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, 28 U.S.C. § 1915A, requires the court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint it determines is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. Where practicable, the court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

A dismissal pursuant to § 1915A (b)(1) for failure to state a claim is governed by the same standards as dismissals for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys[,]" they are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

## II.  Factual Allegations

On June 26, 2012, the Board of Immigration Appeals entered a final removal order against the plaintiff. (Doc. 1, "Ex. 7" at 42). He has been continually detained for over two years while awaiting deportation to Grenada. (Doc. 1 at 5-7). Due to various improprieties by ICE, he has been denied release pending removal. (*Id.*). The plaintiff contends the reasons for his extended detention are "unconstitutional" on due process grounds and "retaliation . . . for filing complaints against ICE officers." (*Id.*). In his amended complaint, the plaintiff lists the "Fifth Amendment Due process/Equal Protection Clause," and the Eighth Amendment's prohibition against cruel and unusual punishment as grounds for relief. (Doc. 5 at 3). He also claims false imprisonment and malicious prosecution, which this court will construe as Fourth Amendment violations. (*Id.*). He demands monetary

damages and injunctive relief.  (*Id.* at 5).

### III.  Analysis

**A.     United States of America**

Because the plaintiff is an alien demanding monetary damages and injunctive relief for constitutional violations in connection with his lengthy post-removal detention by ICE, this case clearly is being brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Investigation,* 402 U.S. 388 (1971).  In *Bivens*, the United States Supreme Court "recognized for the first time an implied private action for damages against federal officers" for violations of certain constitutional rights.  *Corrections Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001).  The plaintiff names the United States of America (*e.g.*, the Federal Government) as the sole defendant.  However, neither the United States of America nor ICE, as a federal agency, is subject to liability in a *Bivens* action.  (*Id.* at 70) (holding that *Bivens* does not "imply a damages action against a federal agency"); *F.D.I.C. v. Meyer*, 510 U.S. 471, 474 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").  As such, a *Bivens* claim may only be brought against "federal officers."  (*Id.*).

The plaintiff has not named any federal officer(s) as defendant(s). Nonetheless, for the reasons that follow, even if he were to identify proper *Bivens*

defendants, presumably ICE officers, he nonetheless fails to state any claims upon which relief may be granted.

**B.     No available remedy**

The sole source of all the plaintiff's constitutional claims is the propriety of his detention following entry of a final order of removal from the country. However, *Bivens* "is not an available remedy because any award in the plaintiff's favor would 'necessarily imply' the invalidity of his conviction." *Skinner v. Switzer*, ___ U.S. ___, ___, 131 S. Ct. 1289, 1292 (2011) (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).     Admittedly, the plaintiff is not challenging a conviction. However, the Sixth Circuit has considered the question of whether *Heck v. Humphrey* precludes an alien detainee's *Bivens* claim that federal agents "falsified and failed to file immigration forms related to his pending immigration case, thereby causing him to be denied release on bond." *Cohen v. Clemens*, 321 Fed. Appx. 739, 740 (10th Cir. 2009). In an opinion this court finds persuasive, the Tenth Circuit agreed with the district court "that *Heck* bar[red the plaintiff's] claims for damages because success on those claims would necessarily imply the invalidity of [his] detention." (*Id.* at 741). In doing so, the Court stated that

> the rule in *Heck* is not limited to claims challenging the validity of criminal convictions. *See Edwards v. Balisok,* 520 U.S. 641 (1997)

> (applying *Heck* to a § 1983 claim challenging procedures used to deprive a prison inmate of good time credits); *Huftile v. Miccio–Fonseca,* 410 F.3d 1136, 1137 (9th Cir.2005) (applying *Heck* to a § 1983 claim challenging civil commitment under California's Sexually Violent Predators Act); *Hamilton v. Lyons,* 74 F.3d 99, 102–03 (5th Cir. 1996) (applying *Heck* to a § 1983 claim challenging the coercive nature of a pretrial detainee's confinement prior to giving a statement regarding pending charges).

*Cohen v. Clemens*, 321 Fed. Appx. at 742. *Cohen's* application of *Heck* is in line with the Supreme Court's instruction that "absent prior invalidation" of the confinement period, a plaintiff's *Bivens* "action is barred . . . no matter the relief sought (damages or equitable relief) . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

The plaintiff's continued detention has not been invalidated. In fact, the majority of the time this *Bivens* action has been pending, the plaintiff was simultaneously pursuing a petition for writ of *habeas corpus* regarding the same matter in an effort to secure his release from detention. *See Joseph Anthony Daniel v. Scott Hassell, et. al*., 4:13-cv-767-SLB-SGC. He incorporates many of the same allegations underlying the *habeas corpus* case into the present action by reference and exhibits, and attempts to dispute the respondent's positions in the *habeas* case by making allegations and demands in this *Bivens* case. (Doc. 1 at 5-7; *id.*, Exhibits 1 through 9).

6

On June 19, 2014, Honorable Staci G. Cornelius, United States Magistrate Judge, entered a report and recommendation in the plaintiff's (petitioner's) *habeas corpus* case. *See Joseph Anthony Daniel v. Scott Hassell, et. al.*, 4:13-cv-767-SLB-SGC, Document 23). Judge Cornelius's recommended legal and factual findings were in the respondent's favor. (*Id*. at 2-5). She recommended the *habeas corpus* petition be denied and dismissed without prejudice, with leave "to re-file if ICE remains unable to remove him within ninety (90) days of a final order dismissing this case; this conclusion assumes Petitioner will continue to cooperate with ICE's effort to remove him and refrain from initiating any new legal proceedings during the ninety (90) day period." (*Id.* at 7).

The plaintiff filed no objections to Judge Cornelius's report and recommendation. On July 21, 2014, Honorable Sharon Lovelace Blackburn, United States District Judge, adopted and accepted Judges Cornelius's report and recommendation, denied the plaintiff's *habeas* petition, and dismissed the case without prejudice. (*Id.*, docs. 24 and 25).

On September 22, 2014, the plaintiff notified the court of his transfer to LaSalle Detention Center, in Trout, Louisiana, where he continues to be detained. (Doc. 13). *See* https://locator.ice.gov. On October 23, 2014, the plaintiff filed a petition for writ of *habeas corpus* in the United States District Court for the

Western District of Louisiana. *See Joseph Anthony Daniel v. Eric Holder, et. al.,* 1:14-cv-3100-DDD-JDK. See https://ecf.lawd.uscourts.gov. The case is currently pending. (*Id.*).

The plaintiff's continued post-removal detention has not been invalidated. Under *Heck* a cause of action for damages caused by his immigration detention would accrue only at such time as a court invalidates the detention, finding it violative of federal law. Because that has not occurred, he is barred from pursuing this *Bivens* action for monetary damages. Likewise, any request for declaratory or injunctive relief must be pursued in a *habeas* action, not a civil complaint.

## IV. Recommendation

Accordingly, for the reasons stated above, the magistrate judge **RECOMMENDS** that the plaintiff's motion to amend the complaint (doc. 5) be **GRANTED**, and this action be **DISMISSED WITHOUT PREJUDICE**.

## V. Notice Of Right To Object

The plaintiff may file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fourteen (14) days from the date it is filed shall bar an aggrieved party from attacking the

factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included. Objections not meeting the specificity requirement set out above will not be considered by a district judge. The filing of objections is not a proper vehicle to make new allegations or present additional evidence.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to mail a copy of the foregoing to the plaintiff.

**DATED** this 2nd day of March, 2015.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE